**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

CIQIN ZHENG, *a/k/a*,
BEI GENG LI,

Petitioner,

v. Case No. 2:26-cv-03418 KWR-GJF

MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security, et al.*,

Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and has been in detention pending his removal from the country under 8 U.S.C. § 1231 for more than six months. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents did not file a brief in opposition.

The Court concludes that Petitioner is entitled to release because he is detained without a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **GRANTED** in part.

**BACKGROUND**

Petitioner received a removal order in April 1996. Petitioner asserts that he was arrested on April 8, 2026. Petitioner asserts that there is not a significant likelihood of removal in the

reasonably forseeable future because he has a thirty year old removal order, he has been detained for more than six months, no Chinese travel documents have been issued, there is no removal itinerary, and no date of removal set.

**DISCUSSION**

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioner made an initial showing that his removal was not significantly likely in the reasonably foreseeable future. As explained below, the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future. Respondents did not file a brief in opposition.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioner provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. He has a thirty year old removal order, he has been detained

for more than six months, no Chinese travel documents have been issued, there is no removal itinerary, and no date of removal set.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.* In response, Respondents do not expressly oppose release. They assert that "Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." Doc. 6 at 1. They also assert that if the Court grants the Petition, the appropriate relief is release with conditions of supervision. *Id.*

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner with appropriate conditions of supervision.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE